UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TIMOTHY DENDY and JASON POLK

      **Plaintiffs,**       14 CV 8381 (J. OETKEN)

  **-against-**           <u>**JOINT PRETRIAL ORDER**</u>

NATIONAL RAILROAD PASSENGER CORP.,

      **Defendant.**
-------------------------------------------------------------X

    Having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16,

the parties adopt the following statements, directions and agreements as the Joint Pre-Trial

Order herein:

    i)  <u>**Trial Counsel**</u>

    For Plaintiff:  Marc T. Wietzke, Esq.
           Law Offices of Michael Flynn, PC
           1205 Franklin Avenue
           Garden City, NY 11530
           (516) 877-1234
           F: (516) 877-1177
           E-Mail:  MWietzke@FELAattorney.com

    For Defendant:  Mark S. Landman, Esq.
           Jennifer Ramme, Esq.
           Landman Corsi Ballaine & Ford, P.C.
           120 Broadway, 27th Floor
           New York, NY 10271
           (212) 238-4800
           F: (212) 238-4848
           E-Mail:  mlandman@lcbf.com
              jramme@lcbf.com

    ii)  <u>**Jurisdiction and Venue**</u>

    This is an action brought pursuant to 49 U.S.C. section 20109.

    The jurisdiction of the Court is not disputed.

iii) **Factual Contentions**

**Plaintiff's Contentions:**

<u>Timothy Dendy:</u>  On June 26, 2013, plaintiff was threatened with disqualification from his position as a result of engaging in protected activity, to wit, reporting of safety hazards on train cars.  Then, on July 1, 2013, plaintiff was in fact disqualified from the position.  Thereafter, plaintiff was penalized, harassed and intimidated for reporting the incident.

Plaintiff was demoted from his position as a Lead Car Inspector, and has never been returned to it. This resulted in a reduction in plaintiff's hourly rate of pay. Additionally, plaintiff suffered the indignity of being demoted for pointing out safety issues, which was the entire point of his job.  Plaintiff seeks compensatory and punitive damages, as well as costs and attorney fees in connection with this claim.

**<u>Jason Polk:</u>**  On June 26, 2013, plaintiff was threatened with disqualification from his position as a result of engaging in protected activity, to wit, reporting of safety hazards on train cars.  Then, on July 1, 2013, plaintiff was in fact disqualified from the position.  Thereafter, plaintiff was penalized, harassed and intimidated for reporting the incident.

Plaintiff was demoted from his position as a Lead Car Inspector, and has never been returned to it. This resulted in a reduction in plaintiff's hourly rate of pay. Additionally, plaintiff suffered the indignity of being demoted for pointing out safety issues, which was the entire point of his job.  Plaintiff seeks compensatory and punitive damages, as well as costs and attorney fees in connection with this claim.

**Defendant's Contentions:**

Plaintiffs Timothy Dendy and Jason Polk did not, in good faith, engage in any protected activity within the meaning of FRSA §§ 20109(a)(1)(C), 20109(a)(2) or 20109(b)(1)(A).  Neither of the Plaintiffs:

      (1)     was reporting, in good faith, a hazardous safety condition;

      (2)     was, in good faith, providing information or otherwise assisting in an investigation regarding conduct the Plaintiff reasonably believed constituted a violation of a Federal law, rule, or regulation relating to railroad safety to a person with supervisory authority over the Plaintiff or such other person who has  authority to investigate, discover, or terminate the purported misconduct; or

      (3)     was refusing, in good faith, to violate or assist in the violation of any Federal law, rule, or regulation relating to railroad safety.

Furthermore, there is no causal connection between each Plaintiff's purported protected activity and his disqualification and/or warning of disqualification from the position of lead car inspector. Plaintiffs Polk and Dendy were each disqualified (and/or warned of disqualification) for failing to work efficiently and for spending needless time reporting defects that involved trivial matters, not reportable FRA safety violations or hazardous safety conditions. Plaintiffs were thus properly disqualified, consistent with the applicable union agreement, which entitled Amtrak to disqualify a newly-appointed lead car inspector who, within his first 20 working days, fails to demonstrate the ability to do his job competently.

In addition, any claim by Plaintiffs for back-pay under the FRSA must be limited to the wage differential between that of car inspector and lead car inspector, which is 50¢ per hour (as reflected by the applicable union agreement).  Furthermore, as the Carman Lead Program was abolished on or about March 7, 2014, Plaintiffs' claim for back-pay must be confined to the period when the Carman Lead Program was in effect. Finally, as a matter of law, neither of the Plaintiffs can adduce evidence sufficient to show he is entitled to recover punitive damages from Defendant. Neither Plaintiff can show Defendant disciplined him with an evil motive or intent or with a callous or reckless disregard of Plaintiffs' rights under the FRSA.

          d)          **Damages Sought**

Plaintiffs seek compensatory and punitive damages, as well as costs and attorney fees in connection with this claim.

          v)          **Type of Trial**

The parties anticipate the jury trial will take approximately 4 days.

          vi)          **Trial by Magistrate**

The parties have not consented to a trial by Magistrate Judge.

          vii)          **Stipulated Facts**

The plaintiff, Timothy Dendy, brings this action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

The plaintiff, Jason Polk, brings this action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. Section 20109.

This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. Section 20109(d)(3) (FRSA).

The plaintiff Timothy Dendy is of New Rochelle, New York.

The plaintiff Jason Polk is of New Rochelle, New York.

The defendant is a railroad carrier providing railroad transportation, with a usual place of business in New Jersey and New York and various other states.

During all times herein mentioned, the defendant is engaged in interstate commerce by providing railroad transportation between the states of New York and New Jersey.

viii)   **<u>Witnesses</u>**

The parties agreed that the witnesses whom each party now intends to call are those listed below.  Should any party hereafter decide to call any additional witnesses, prompt notice of their identity shall be given to each party in writing.  No witnesses may be called at trial unless identified as above stated.  Plaintiff and defendant reserve the right to call any of the witnesses listed by the opposing party.

A)   **<u>Plaintiff's Proposed Witnesses:</u>**

Timothy Dendy- he is expected to testify in person regarding his employment with defendant, including but not limited to his time as Carman and Lead Carman. This will include his training and direction by defendant. He will also testify regarding his demotion and its effect on him.

Jason Polk- he is expected to testify in person regarding his employment with defendant, including but not limited to his time as Carman and Lead Carman. This will include his training and direction by defendant. He will also testify regarding his demotion and its effect on him.

Felix Hull - he is expected to testify in person. He is expected to testify to his role in the creation and oversight of the Carman lead program, his evaluation and assessment of the plaintiffs work as their supervisor and his interaction with plaintiffs during their time in the program. He will testify regarding his directions to others as to the content of the training program for the carman lead program. He will testify regarding the forms used to perform the jobs of carman and carman lead.  He will also testify regarding the decision to remove plaintiffs from the Carman lead program.

Dawn Rosales - he is expected to testify in person, consistent with his deposition. He will testify regarding the training curriculum and actual training provided as part of the implementation of the carman lead program. He will also testify regarding the plaintiffs' role and participation in the curriculum and training. He will testify to the plaintiff's removal from the carman lead program.

Anthony Bryant - he is expected to testify in person. He will testify to the training provided as a participant in the carman lead program. He will testify to the work he performed as a carman lead after completing the program.

Kirk Carrington - he is expected to testify in person. He will testify to conversations with plaintiffs regarding the carman lead program as well as plaintiffs' work while employed by defendant as a carman lead and carman.

Shamel King - he is expected to testify in person. He will testify to the training provided as a participant in the carman lead program. He will testify to the work he performed as a carman lead after completing the program.

Frank Ross - he is expected to testify in person. He will testify to origins of the carman lead program, the development of the curriculum for the carman lead program, his role in training the carman lead participants, his interaction with the plaintiffs regarding their participation in the carman lead program, his role in the decision to remove plaintiffs from the carman lead position.

Anthony Parolisi  - he is expected to testify in person, consistent with his deposition. He will testify regarding the work order management system, the decision to create the carman lead program, the curriculum of the system, the inspection of the defendant's rolling stock, the forms used to monitor safety inspections, the rules and regulations governing safety inspections, the plaintiffs' role in the inspections as carmen and as lead carmen, as well as the decision to remove plaintiffs from the carman lead program.

Kevin Dublin- he is expected to testify in person. He will testify to the training provided as a participant in the carman lead program. He will testify to the work he performed as a carman lead after completing the program.

Stefan Mackey - he is expected to testify in person. He will testify to the training provided as a participant in the carman lead program. He will testify to the work he performed as a carman lead after completing the program.

Anthony Rogers- he is expected to testify in person. He will testify to the training provided as a participant in the carman lead program. He will testify to the work he performed as a carman lead after completing the program.

Any person listed by the defendant.

**B)** <u>**Defendant's Proposed Witnesses:**</u>

1.   <u>Frank Ross</u>

Mr. Ross is the Superintendent of the Mechanical Department at Amtrak and he will testify regarding the implementation and termination of the Carman Lead Program, differences between the car inspector and lead car inspector position, the training Plaintiffs were provided for the lead car inspector position, each plaintiff's deficient work performance in the lead car inspector position, and the reasons for each Plaintiff's disqualification from the lead car inspector position.

2.   <u>Felix Hull</u>

Mr. Hull is the Assistant Superintendent of the Mechanical Department at Amtrak and he will offer testimony regarding the implementation and termination of the Carman Lead Program, differences between the car inspector and lead car inspector position, the training Plaintiffs were provided for the lead car inspector position, each Plaintiffs' deficient work performance in the position of lead car inspector and the reasons for each Plaintiff's disqualification from the lead car inspector position.

3.   <u>Anthony Parolisi</u>

Mr. Parolisi is a Quality Assurance Officer at Amtrak and he will testify regarding the Carman Lead Program, and regarding Plaintiffs' failure to complete inspection forms properly while part of this Carman Lead Program, including their needless and repetitious reporting of trivial defects that are not FRA reportable defects and not hazardous safety conditions. He will explain the difference between applicable federal safety rules and regulations and internal Amtrak standards.

4.   <u>Anthony Amico</u>

Mr. Amico was a lead car inspector and will testify regarding the Carman Lead Program, including the training provided, the work he performed as a lead car inspector, and his knowledge of plaintiffs' participation while part of the Carman Lead Program.

Plaintiffs object to Anthony Amico being offered as a witness since he was first disclosed by defendant as a witness by means of a Supplement to Defendant's Automatic Disclosure, received on August 22, 2016.

5.   All necessary foundation witnesses

6.   All necessary impeachment witnesses

7.   All necessary rebuttal witnesses

Defendant reserves the right to call all witnesses designated by Plaintiff, without prejudice to the right to object to the testimony of such witnesses.

At this time, Defendant believes that all witnesses will be available to testify in person at trial.

 ix) **<u>Depositions</u>**

  At trial the parties will offer the following deposition testimony.

 **A)** **<u>Plaintiff's Depositions</u>**

  None presently anticipated, subject to witness availability.

 **B)** **<u>Defendant's Depositions</u>**

  None presently anticipated, subject to witness availability


 x) **<u>EXHIBITS</u>**

Each party provides its list of trial exhibits subject to the following reservations of rights:

 a. Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.

 b. Each party reserves the right to offer and use any of the exhibits for more than one purpose.

 c. Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order, without waiving any objection to such exhibit of offered by the designating party.

 d. Each party reserves the right to offer additional exhibits at trial for purposes of defense, foundation, impeachment, rebuttal or rehabilitation.

 e. Each party reserves the right to use demonstrative aids not listed herein at trial, and will undertake to advise the other parties and the Court of such aids as it intends to use at a reasonable time prior to trial.

 f. In the event that one or both Plaintiffs are deemed a prevailing party under 49 U.S.C. § 20109(e), Plaintiffs reserve the right to proffer additional exhibits necessary to establish the amount of attorneys' fees to which it may be entitled, at a separate proceeding before the Court or the Magistrate Judge, as the Court may order, and

Defendant reserves the right to proffer additional exhibits relevant to the defense of any application for attorneys' fees.

The exhibits that each party expects to be offered in its case in chief, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground, are as follows:

A)   **Plaintiff's Exhibits**

1.    Training Materials (Bate Stamped DENPOL000001 through DENPOL000060) *

2.    Air Brake Departure Test (Bate Stamped DENPOL000061 through DENPOL000091)

3.    M.A.P. Calendar Day Inspection form (Bate Stamped DENPOL000092 through DENPOL000093)

4.    Body End Door Inspection (Bate Stamped DENPOL000094 through DENPOL000122)

5.    Procedure Index SCDI (Bate Stamped DENPOL000123 through DENPOL000124)

6.    2013-06-12 Dendy Certificate of Course Completion (Bate Stamped DENPOL000125) **

7.    2013-06-12 Polk Certificate of Course Completion (Bate Stamped DENPOL000126) **

8.    Inspections Reports and Work Orders (Bate Stamped DENPOL000127 through DENPOL000914)

9.      2013-07-01 Dendy Disqualification (Bate Stamped DENPOL000915 through DENPOL000916) **

10.     2013-07-01 Dendy Disqualification Revised (Bate Stamped DENPOL000917) **

11.     201307-01 Polk Disqualification (Bate Stamped DENPOL000918 through DENPOL000919) **

12.     2013-06-13 Crawley to Dendy (Bate Stamped DENPOL000920)

13.     CFR-2011-Title 49 Vol. 4 Part 238 (Bate Stamped DENPOL000921 through DENPOL000060)

Defendant Amtrak objects to the admissibility of the entirety of 49 CFR Part 238 as irrelevant. *See* Fed. R. Evid. 401 and 402. Plaintiffs are obligated to identify specific federal regulations (if any) that each Plaintiff claims formed a good faith basis for their claim of protected activity. Plaintiffs have never done so.

**B)      Defendant's Exhibits**

A.      Agreement between National Railroad Passenger Corporation (Amtrak) and its Employees, Represented by Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices. *

B.      Letter addressed to Plaintiff Timothy Dendy dated August 28, 2013.

C.      MAP 9, MAP 10C and related inspection forms/work orders.

xi)     **Modification of Order**

To prevent manifest injustice or upon motion for good cause shown, at the trial of this action or prior thereto the Court may modify this PreTrial Order upon such conditions as the Court may deem just and proper.

IT IS ORDERED that the Court may in order to prevent manifest injustice or

for good cause shown, at the trial of the action or prior thereto upon application of counsel for

either party, made in good faith, or upon motion of the Court, modify this Pretrial Order upon

such conditions as the Court may deem just and proper.


CONSENTED TO:

Flynn & Wietzke, PC                                          Landman Corsi Ballaine & Ford


By:_____                        By:_____
      Marc T. Wietzke                                            Mark S. Landman
      Attorneys for Plaintiff                                   Jennifer A. Ramme
      1205 Franklin Avenue                                  Attorneys for Defendant
      Suite 370                                                     120 Broadway, 27th Floor
      Garden City, NY 11530                               New York, NY 10271
      (516) 877-1234                                           (212) 238-4800

Dated:


                                    SO ORDERED:


                                    _____
                                    Hon. J. Paul Oetken
                                    United States District Judge